## A. J. TURPIN *v.* E. T. SMITH.

[Abstract Kentucky Law Reporter, Vol. 7—361, 372.]

### Collateral Attack Upon a Judgment.

A judgment which is merely erroneous can not be attacked collaterally. The defendant's relief must be obtained, if at all, by appeal.

### Jurisdiction of Action in Rem.

While an attachment for rent must be sued out in the county in which the tenement lies, it may issue to any county in the state; still, in an action before a justice of the peace, although the attachment was issued in Henderson county and levied upon property in Daviess county, the property was thereby placed within the custody of the law and the jurisdiction of the court that issued the attachment. Jurisdiction in rem was thereby acquired.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 10, 1885.

OPINION BY JUDGE HOLT:

By Gen. Stat, 1883, ch. 66, §5, an attachment for rent must be sued out in the county in which the tenement lies, but may issue to any county in the state. The attachment in this instance of the appellee, Smith, against his tenant, Wm. Ellison, in view of the rule founded upon necessity and public policy that proceedings in justices courts are not to be regarded with the same strictness as those of higher courts, it must be treated as one. It follows that although it was issued in Henderson county, and levied upon the tobacco in Daviess county, yet the property was thereby placed within the custody of the law and the jurisdiction of the court that issued the attachment. Jurisdiction in rem was thereby acquired.

The appellant can not in this, a separate suit by him for dam-

ages for the sale of his property under an execution issued upon the judgment in the attachment case, question the verity of the officer's return in the latter case. In response to the rule in it against him he could have raised the question but he failed to do so, and it is too late to urge it in this action. The officer having levied the attachment upon the tobacco, and it having been sustained, an order was entered, after notice to the appellants that it would be asked, directing the officer to sell the property. The latter reported to the court that he had been unable to comply with the order because the appellant had refused to surrender to him the tobacco, and had mixed it with other tobacco belonging to the appellant, rendering it impossible to identify it. He also reported that it was worth $40.

Upon this report the court entered a rule against the appellant requiring him at the next term of the court to show cause why he should not pay into court the value of the tobacco that had been attached, and also be fined for contempt in refusing to deliver it to the officer to be sold. This rule was duly served upon the appellant, and he did not respond. The court thereupon entered a judgment against him for $40 and interest and costs; and, an execution which issued thereon having been returned, another was sued out upon a transcript from the circuit court clerk's office, under which an interest of the appellant in a lot and factory thereon was sold.

The matter above recited appears in the pleadings of this suit and the exhibits filed with them. It is urged that the judgment against the appellant in the attachment case was void, and if not, it is admitted that it can not be attached collaterally in this suit. It was doubtless erroneous in various respects. For instance, there seems so far as the record discloses, to have been no competent evidence as to the value of the tobacco; but this would only render it erroneous, and not void, and if only erroneous it can not be questioned collaterally. It is true that the record does not show that either Ellison or the appellant was before the court by summons or appearance in the attachment case; but it must be presumed that the officer returned the attachment to the proper court, and it, by the levy of the attachment which could issue whether the rent was payable in money or property, had jurisdiction of the subject-matter; and having control of it, the court must of necessity have the power to protect it by all necessary orders, and to take jurisdiction

of all persons intermeddling with it. The return of the officer was a sufficient basis for a rule against the appellant. It brought him before the court; and it beyond question could by its judgment have compelled him to bring the property or its value into court; and granting that it erroneously rendered a personal judgment against him, yet it was not void, but erroneous only, and subject to appeal by him; and the lower court did not err in sustaining the motion to render a judgment upon the pleadings in bar of the present action.

Judgment *affirmed*.

*R. W. Slack*, for appellant.

*Geo. W. Jolly*, for appellee.